```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

RACHEL COLEMAN, et al.,        )
                               )
          Plaintiffs           )
                               )
     v.                        )    No.  13 C 6720
                               )
PHIL COOK COUNTY               )
CENTRAL KITCHEN,               )
                               )
          Defendant.           )
```

                        MEMORANDUM ORDER

Rachel Coleman has utilized the printed form of 42 U.S.C. §1983 ("Section 1983") Complaint supplied by the Clerk's Office for use by persons in custody to sue what the caption lists as "Phil Cook County Central Kitchen," though Complaint ¶III.D lists only "Phil" as a defendant. That puzzle need not be solved, however, because there are so many things wrong with Coleman's Complaint that it is difficult to know where to begin.

Before this memorandum order turns to such matters, it is necessary to deal at the outset with the requirements of 28 U.S.C. §1915[1] that impact on Coleman's In Forma Pauperis Application ("Application"), which also uses a court-supplied form and is accompanied by a printout reflecting the transactions in Coleman's trust fund account at the Cook County Department of Corrections ("County Jail"), where she is in custody. That printout reflects that the average monthly deposits to her

_____

    [1]   All further references to Title 28's provisions will simply take the form "Section--."

account during the four months that she has been in custody there before filing this lawsuit (see Section 1915(a)(2) and (b)(1)(A)) amounted to $59.75, 20% of which (id.) is $11.95. Accordingly the Application is granted to the extent that Coleman need not pay the full $350 filing fee in advance, although she must pay the entire fee in current and future installments.

Coleman is therefore assessed that initial partial payment of $11.95, and the County Jail trust fund officer is ordered to collect that amount from Coleman's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Coleman's name and the 13 C 6720 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the County Jail's trust fund officer.

After such initial payment, the trust fund officer at the County Jail (or at any other correctional facility where Coleman may hereafter be confined) is authorized to collect monthly payments from Coleman's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be

forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

With that preliminary matter out of the way, this order turns to the screening prescribed by Section 1915A. And as indicated at the outset, that reveals a host of problems with the Complaint, any one of which suffices to call for its dismissal.[2]

First, 42 U.S.C. §1997e(a) makes the exhaustion of all available administrative remedies a precondition to filing suit in this District Court. Coleman's Complaint says nothing at all that even suggests the satisfaction of that precondition--instead Complaint ¶III.H expressly states that the matter is "pending investigation." That alone calls for dismissal (in that respect, see also Section 1915A(b)(1)).

And that is far from all. Coleman's entire Statement of Claim, as set out in Complaint IV, is attached to this memorandum order. To characterize the incident described there as violating her constitutional rights, protected by Section 1983 would trivialize the Constitution.

In brief summary, then, this lawsuit is "frivolous" in the legal sense, one of the specific grounds for dismissal listed in

---

[2] Coleman has purported to sue on behalf of Lonika Welch and Tina Griffin, neither of whom has signed the Complaint. Nonlawyer Coleman is of course not permitted to represent someone other than herself in this lawsuit, but that simply requires striking the other two purported plaintiffs from the case--it does not doom the entire lawsuit. This memorandum order therefore soldiers on.

3

Sections 1915A(b)(1) and 1915(e)(2)(B)(I). Both the Complaint and this action are dismissed with prejudice, but Coleman must pay the price for her overreaction to an admittedly unpleasant experience--she remains liable for paying the entire $350 filing fee in future installments.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 23, 2013

IV.  Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On the 8-24-13 at 7:30pm we were having Dinner it had a dead bug in our dinner that had been cooked in our food we notified our officer who were Officer Gallon at the time who notified our Sergent McCoy that said she notified the kitchen but she didn't. So the whole tier refused Dinner we wanted sandwiches for dinner but she brought back up the same trays and only about six trays for the whole tier we did not accept it.